The undersigned have reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or to amend the Opinion and Award.
Before the Full Commission on 23 August 1995, plaintiff offered a Motion for submission of Additional Medical Records. After careful consideration, plaintiff's motion is hereby DENIED.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in the Pre-Trial Agreement, filed 20 March 1995, and at the hearing, as
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties on 20 October 1994, which is the date of the injury riving rise to this claim.
2. Defendant is a duly qualified self-insured with Key Risk Management Services as the servicing agent.
3. The parties stipulated the eight-page recorded statement of plaintiff and the newspaper advertisement for employment into the record.
4. At the hearing before Deputy Commissioner Dollar, the following exhibits were received into the record:
 a. Defendant's Exhibit 1 — Answering machines tapes;
 b. Defendant's Exhibit 2 — Notes by Teresa Cole regarding plaintiff's work;
 c. Defendant's Exhibit 3 — Letter from Ms. Cole to Key Risk regarding plaintiff's claim;
 d. Industrial Commission Form 19, prepared by Ms. Cole on 7 November 1994; and
 e. Plaintiff's Exhibit 1 — report from Iredell Memorial Hospital Emergency Room on 21 October 1994.
5. The issue for determination is whether plaintiff sustained a compensable injury.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On or about 18 October 1994, plaintiff had begun working with defendant-employer. Plaintiff was hired on a trial or probationary basis, and was given specific tasks to perform at Stonewood Apartments in Mooresville, North Carolina. On his first day of work, plaintiff was assigned to clean the grounds and to mop and wipe down the laundry room.
2. On or about 19 October 1994, Teresa Cole, manager for defendant at the Stonewood property, assigned plaintiff to turn over an apartment. This involved cleaning and painting the unit, cleaning and servicing appliances, and mopping and cleaning floors and carpeting. Plaintiff completed work on this unit.
3. On 20 October 1994, plaintiff did not begin working until approximately 4:30 p.m., as he had been in Winston-Salem, moving his personal belongings to the Dogwood Estates Mobile Home Park in Statesville. The move took two truck loads to get his belongings.
4. Upon reporting to Stonewood Apartments, plaintiff moved paint supplies to the upstairs apartment on 20 October 1994. Plaintiff completed this unit and was to begin cleaning a third unit the next day.
5. On 21 October 1994, when plaintiff did not report for duty by noon, Ms. Cole telephoned the number which plaintiff had left with her. Sandra Somers, plaintiff's girlfriend answered the phone and advised Ms. Cole that plaintiff had worked until 11:00 p.m. the night before, and that he was in the shower and would be in later.
6. Ms. Cole arranged for someone else to do the third unit at 4:00 p.m., after plaintiff had not reported for work. At 10:15 p.m. on 21 October 1994, plaintiff left a message on Ms. Cole's answering machine that he would be in to do the next unit. However, plaintiff did not report for work. Neither plaintiff nor Ms. Somers advised Ms. Cole of any back injury which plaintiff has alleged occurred.
7. On 21 October 1994, at 5:49 p.m., plaintiff was seen at the emergency room at Iredell Memorial Hospital where he complained of low back pain and was diagnosed with a lumbar strain. However, the record contains no reference to any alleged back injury or accident while cleaning apartments.
8. On 22 October 1994, plaintiff reported at Stonewood Apartments. Ms. Cole advised the plaintiff that someone else had prepared the other units. During their conversation, plaintiff never mentioned any back injury nor the hospital visit. Ms. Cole accompanied plaintiff to the apartment to pick up some of his tools and to a storage room where plaintiff retrieved his personal tool box which was three (3) feet wide, eighteen (18) inches high and weighed approximately thirty (30) pounds. Plaintiff picked up the tool box and placed it in the back of his vehicle.
9. On 7 November 1994, plaintiff called and left a message on Ms. Cole's answering machine in which he stated that he had forgotten to tell her that he had hurt his back and had gone to the emergency room and that she would be getting the medical bills.
10. On 7 November 1994, Ms. Cole prepared a Form 19 which indicated plaintiff hurt his back carrying a steam cleaner at approximately 3:30 a.m. This Form was completed based upon information from plaintiff.
11. On 23 November 1994, plaintiff gave a recorded statement to Robyn Hale, an adjuster with Key Risk Management. Plaintiff stated that, "I went and got a steam cleaner, was pulling it up the stairs. Got in the apartment. Used it on one room and started getting like a muscle strain in my back, so I left and went home, and woke up the next day with severe pain. Went to Iredell Memorial Hospital." Plaintiff told Ms. Hale that the pain occurred at approximately 3:30 a.m.
12. At the hearing, plaintiff offered testimony that he had gotten the carpet cleaner and pulled it upstairs, and had felt a tension in his back. Plaintiff's testimony was that the injury occurred at 10:00 p.m. or midnight and that he continued to work until 3:30 a.m.
13. Plaintiff was a thirty-seven (37) year old male with pre-existing arthritis in his back, a previous fractured leg, and a previous below-the-knee amputation of the left leg.
14. Plaintiff's testimony, if accepted, would establish that plaintiff sustained a specific traumatic incident which resulted in a back strain. However, this testimony is not accepted as credible, as plaintiff made no mention of a work-related injury when he sought medical treatment, and he had offered varied versions as to how and when the injury occurred. Plaintiff did not advise Ms. Cole of any injury in his telephone messages or their conversation when he picked up his tools, even though he clearly had ample opportunity.
15. Plaintiff offered the testimony of Ms. Somers, the girlfriend with whom he resided during this time. However, Ms. Somers admitted speaking to Ms. Cole and indicated she could not recall exactly what was said. Obviously, Ms. Somers' testimony would corroborate that of plaintiff. However, her testimony is specifically not accepted as credible as it is biased and self-serving.
* * * * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following
CONCLUSIONS OF LAW
1. Plaintiff did not sustain a compensable injury to his back on 20 October or 21 October 1994. G.S. § 97-2(6).
2. Plaintiff's testimony and that of Ms. Somers are specifically rejected as not credible.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the undersigned enters the following
AWARD
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
 S/ ________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
S/ _____________ COY M. VANCE COMMISSIONER